IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GILLIS, | No. C 14-0170 DMR (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| DR. BRIGHT, et al., | |
| Defendants. | |

On January 13, 2014, Plaintiff, a former state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs while he was incarcerated at the California Training Facility ("CTF"). Plaintiff seeks only injunctive relief in the form of a court order compelling CTF prison officials to provide him medical treatment. Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. His motion for leave to proceed IFP will be granted in a separate Order.

On the same date, Plaintiff consented to magistrate judge jurisdiction in this matter. Dkt. 1 at 4.

Venue is proper because a substantial part of the events giving rise to the action occurred in CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

On March 13, 2014, Plaintiff sent a letter to inform the Court of his March 20, 2014 parole date. He then notified the Court of his new address in Corona, California.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

1  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary
2  relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se*
3  pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
4  696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
5  essential elements: (1) that a right secured by the Constitution or laws of the United States was
6  violated, and (2) that the alleged violation was committed by a person acting under the color of state
7  law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

8  As mentioned above, Plaintiff informed this Court that he has since been paroled, and that he
9  no longer is incarcerated at CTF, where the events occurred and Defendants are employed. Dkt. 6.
10 Although Plaintiff was previously incarcerated at CTF, which lies in this judicial district, his current
11 parole status renders moot his claim for injunctive relief against CTF officials -- again, the *only*
12 claim in this action. *Cf. Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (when inmate
13 transferred to another prison and no reasonable expectation nor demonstrated probability that he or
14 she will again be subjected to prison conditions from which prisoner seeks injunctive relief, claims
15 should be dismissed as moot).

16 Plaintiff's current parole status does not render moot any claim for monetary damages against
17 CTF officials; however, he makes no such claim in the instant action. If Plaintiff wishes to bring
18 any such claim, he should file a new action in this Court and specifically allege how each named
19 Defendant actually and proximately caused the deprivation of a federally protected right. *See Leer*
20 *v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Conclusory allegations of wrongdoing will not
21 suffice to establish liability under section 1983. *Id.*

22 The Clerk of the Court shall enter judgment in accordance with this Order, terminate all
23 pending motions as moot, and close the file.

24 IT IS SO ORDERED.

25 Dated: May 15, 2014

DONNA M. RYU
United States Magistrate Judge